IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHAWN TYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09CV562-MEF |
| ) | |
| THE ALABAMA DEPARTMENT OF ) | |
| CONSERVATION AND NATURAL ) | |
| RESOURCES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, commenced this action on June 15, 2009 against the Alabama Department of Conservation and Natural Resources and its Commissioner. He paid the requisite civil action filing fee, but failed to provide service materials so that the Clerk could effect service by certified mail. By letter dated June 16, 2009, mailed to the plaintiff's address of record (then 904 Pine Avenue, Eufaula, Alabama), the Clerk advised plaintiff that he needed to provide the service materials and, also, that Rule 4(m) of the Federal Rules of Civil Procedure required service within 120 days after the filing of the complaint. The letter further advised plaintiff that, if he wished to serve the defendants personally or by waiver of service, he should contact the Clerk's office for further instruction.

On July 22, 2009, the docket clerk spoke with plaintiff by telephone. He provided a new mailing address (16 Paul Lee Parkway, Eufaula, Alabama) and, on July 23, 2009, the Clerk sent plaintiff a second copy of the earlier letter regarding service materials. On September 10, 2009, after an order was returned by the postal service as undeliverable, the

court's law clerk contacted the plaintiff by phone and obtained a third address (5 Scenic Drive, Georgetown, Georgia). The law clerk explained that plaintiff was required to keep the court advised of his current address so that he would receive mail from the court regarding his case.

The plaintiff never provided service materials to the Clerk for service and has not filed evidence that he has otherwise served either defendant. On November 4, 2009, the court directed plaintiff to show cause, on or before November 16, 2009, why this action should not be dismissed due to plaintiff's failure to effect service of the complaint and summons on either defendant within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. The court advised plaintiff that, if he failed to file a response to this order within the time allowed by the court, this action may be dismissed. The order was mailed to the plaintiff by certified mail. On November 12, 2009, the postal service returned the order marked "Return to Sender[,] Attempted - Not Known[,] Unable to Forward."

Rule 4(m) provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff has not responded to the court's show cause order and, therefore, has given the court no cause (good or otherwise) to extend the time limit set forth in Rule 4(m). Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice due to plaintiff's failure to effect service within 120

days as required by Fed. R. Civ. P. 4(m).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before December 6, 2009. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd day of November, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE